CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 14 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALVIN BERNARD GREEN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00231 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Calvin Bernard Green, a federal inmate proceeding pro se, has filed a pleading that he styles as a "Motion for Relief from Judgment/Independent Action," pursuant to Federal Rule of Civil Procedure 60(b)(6). He claims that Rule 60(b) entitles him to relief. Upon review of the Motion and court records, I find that plaintiff's Motion must be dismissed.

Green was convicted in this court and sentenced in December 1999 to serve 240 months in prison on various drug charges and related firearms charges. See Case No. 7:99-cr-00032. He did not appeal his conviction or sentence. In November 2005, Green submitted a petition that the court construed and conditionally filed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255. See Case No. 7:05-cv-00695. When Green objected to having his petition so construed and insisted that it be treated as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, the court transferred the case to the United States District Court for the Eastern District of Kentucky, as petitioner was confined within the jurisdiction of that court. That case was dismissed with prejudice under § 2241 and is still on appeal.

In his current motion, Green asserts that he suffered ineffective assistance of counsel that deprived him of his opportunity to appeal the sentence he received. He seeks to have the court re-enter the criminal judgment so as to reopen his opportunity to appeal. Although he has not pursued

1

a collateral attack on the judgment, pursuant to 28 U.S.C.A. § 2255, raising his ineffective assistance claims, he makes it clear in his petition that he does not wish his current arguments to be construed or addressed as a § 2255 motion or as any other type of habeas corpus action.

Rather, Green asserts that he may now, after more than seven years, argue claims of ineffective assistance of counsel under Rule 60(b) and as relief, obtain a renewed opportunity to appeal. The court finds no legal basis for this argument. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. See Fed. R. Civ. P. 1, 81 (West Suppl. 2006); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir.1999). "Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case." O'Keefe, 169 F.3d at 289. Therefore, the court will dismiss his action as frivolous.

As Green is clearly not entitled to relief under Rule 60(b) and would clearly refuse to have the court recharacterize his pleading as a § 2255 motion, the court finds that the case must be dismissed without prejudice. A separate final order will be entered herewith.

ENTER: This 14th day of May, 2007.

_____
Senior United States District Judge